IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VICTOR EUGENE JOSEPH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIV-18-22-G |
| | ) | |
| HECTOR RIOS, JR. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging violations of his federal rights while incarcerated at Lawton Correctional Facility ("LCF") in Lawton, Oklahoma. On February 6, 2018, after reviewing Plaintiff's initial Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B), the Court afforded Plaintiff an opportunity to file an Amended Complaint. Doc. No. 12. Complying with the Court's Order, Plaintiff filed an Amended Complaint on February 27, 2018. Doc. No. 19. On March 5, 2018, the Court entered an Order Requiring Service and Special Report. Doc. No. 20. However, after reviewing the docket in this matter, the Court finds there are deficiencies in Plaintiff's Amended Complaint that must be addressed before the matter proceeds further.

Plaintiff is currently incarcerated at Lawton Correctional Facility ("LCF") located in Lawton, Oklahoma. In his Amended Complaint, Plaintiff purports to

assert claims under the Fourteenth Amendment related to the receipt of "gang pay" and the Eighth Amendment related to allegedly false write-ups and supporting affidavits resulting in improper security classifications. Doc. No. 19 ("Am. Comp.") at 4, 6-10. Within the allegations supporting his claims Plaintiff identifies various LCF officials but names only Defendant Hector Rios, Jr., former warden at LCF, as a Defendant. *Id.* at 4-6.

Personal participation is necessary for individual liability under Section 1983. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) ("Personal participation is an essential allegation in a § 1983 claim."). Plaintiff does not indicate that Defendant Rios personally participated in the events underlying his Eighth Amendment claim. Am. Comp. at 4, 6-7. Further, with regard to his Fourteenth Amendment claim, Defendant Rios's actions appear to be limited to the transfer of grievance requests. *Id.* at 6, 8-10. Thus, Plaintiff's allegations against Defendant Rios appear to be based not on Defendant Rios's own actions but solely on his supervisory status as Warden. Although a supervisor may be held liable if he is affirmatively linked to the constitutional violation, "Section 1983 does not authorize liability under a theory of respondeat superior." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011). As a result, government officials have no vicarious liability in a § 1983 suit for the misconduct of their subordinates because

"there is no concept of strict supervisor liability under section 1983." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (quotations omitted).

Instead, a supervisor is liable only if he is "personally involved in the constitutional violation, and a sufficient causal connection [] exist[s] between the supervisor and the constitutional violation." *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (quotations omitted); *see also Schneider v. Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013) (requiring a plaintiff to show an "affirmative link" between the supervisor and the constitutional violation). Thus, Plaintiff must base supervisory liability "'upon active unconstitutional behavior' and 'more than a mere right to control employees.'" *Davis v. Okla. Cty.*, No. CIV–08–0550–HE, 2009 WL 2901180, at *4 (W.D. Okla. Sept. 3, 2009) (quoting *Serna*, 455 F.3d at 1153).

Plaintiff's allegations are wholly insufficient to establish supervisory liability against Defendant Rios. Plaintiff fails to allege any affirmative link between Defendant Rios and his allegations. He does not indicate Defendant Rios was even aware of, much less involved with, issues surrounding Plaintiff's write-ups. Am. Comp. at 8-10. Moreover, with regard to his Fourteenth Amendment claim, Plaintiff only alleges Defendant Rios transferred his grievance requests related to the receipt of gang pay to third parties. *Id.* at 6-7. Even the denial of grievances does not provide a sufficient basis for a constitutional violation claim. *Larson v. Meek*, 240

F. App'x 777, 780 (10th Cir. 2007) ("[D]enial of [] grievances alone is insufficient to establish personal participation in the alleged constitutional violations.").

In order to set forth a viable claim, Plaintiff must clearly allege and name as defendants the parties he contends personally violated his constitutional rights. *See, cf, Trujillo v. Williams*, 465 F.3d 1210, 1227-28 (10th Cir. 2006) (upholding dismissal of Section 1983 claims because the complaint did not indicate personal participation by the named defendants). The Court will provide Plaintiff with an additional opportunity to submit a Second Amended Complaint in order to cure the identified deficiencies and adequately assert a constitutional claim. This Second Amended Complaint will then supersede all previous Complaints.

Accordingly, it is Ordered that:

(1) the Order Requiring Service and Special Report (Doc. No. 20) is hereby STRICKEN;

(2) Plaintiff may file a Second Amended Complaint on or before October 24th , 2018; and,

(3) The Clerk of the Court is directed to mail to the Plaintiff, along with this Order, copies of the court-approved 42 U.S.C. § 1983 form.

Dated this  24th  day of September, 2018.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE