# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| VICTOR EUGENE JOSEPH, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. CIV-18-22-G |
| HECTOR RIOS, JR., | ) |
| Defendant. | ) |

## **ORDER**

This matter comes before the Court on Plaintiff Victor Eugene Joseph's Objections to the Report and Recommendation filed on December 10, 2018, by United States Magistrate Judge Gary M. Purcell. *See* Doc. Nos. 45, 46.

## BACKGROUND

Plaintiff, currently incarcerated in Lawton Correctional Facility ("LCF"), initiated this action on January 8, 2018, by filing a handwritten, unsigned document that contained a litany of complaints against Defendant Hector Rios, Jr., LCF Warden.[1] In an Order dated January 9, 2018, Magistrate Judge Purcell, to whom the matter had been referred, directed Plaintiff to set forth his allegations against Defendant on a "proper 42 U.S.C. § 1983 form." Order to Pl. to Cure Deficiency (Doc. No. 7) at 1.[2] Plaintiff was further advised that his request to proceed *in forma pauperis* was also not on the proper form and that it lacked

---

[1] Plaintiff also filed that same date a Declaration in support of his Motion for Appointment of Counsel (Doc. No. 2) and a second Declaration in support of his request for leave to proceed *in forma pauperis* (Doc. No. 3).

[2] Citations to documents filed electronically in this Court use the CM/ECF pagination.

necessary financial information and the signature of an authorized officer of the penal institution.  Plaintiff also had not submitted certified copies of statements of his institutional account(s) for the six-month period immediately preceding the filing of this lawsuit.  *See id.*

Plaintiff responded by filing both an Amended Complaint (Doc. No. 8), which used the appropriate form, and an Application for Leave to Proceed *In Forma Pauperis* (Doc. No. 9).  Plaintiff also renewed his motion seeking appointment of counsel.  *See* Doc. No. 11.  Magistrate Judge Purcell granted Plaintiff leave to proceed *in forma pauperis* but denied Plaintiff's request for counsel.  *See* Doc. Nos. 10, 17.

Upon screening Plaintiff's Amended Complaint, Magistrate Judge Purcell found that it was deficient under Federal Rule of Civil Procedure 8(a), which requires "'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  Order of Feb. 6, 2018 (Doc. No. 12) at 1-2 (quoting Fed. R. Civ. P. 8(a)).  Because the Amended Complaint was subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), 28 U.S.C. § 1915A(b), and/or 28 U.S.C. § 1915(e)(2)(B), Plaintiff was granted the opportunity to amend his pleading "to allege one or more plausible constitutional claims."  Order of Feb. 6, 2018 at 5.  Plaintiff filed a Second Amended Complaint on February 27, 2018, s*ee* Doc. No. 19, which is "the governing complaint in this case."  Order of Jun. 8, 2018 (Doc. 34) at 2.

After reviewing that pleading, Magistrate Judge Purcell determined that because Plaintiff had failed to allege that Defendant Rios had participated in the events underlying Plaintiff's causes of action, Plaintiff had again failed to set forth any viable claims against

Defendant. Plaintiff was then given "an additional opportunity" to "adequately assert a constitutional claim." Order of Sept. 24, 2018 (Doc. No. 41) at 4. Plaintiff was instructed to "clearly allege and name as defendants the parties he contends personally violated his constitutional rights," *id*. (citation omitted), and to file the amended document on or before October 24, 2018, *see id*.

Plaintiff failed to act by the designated deadline, and he was ordered on October 29, 2018, to show cause on or before November 29, 2018, as to "why this action should not be dismissed for failure to state a claim upon which relief can be granted." Order to Show Cause of Oct. 29, 2018 (Doc. No. 42) at 2. Although Plaintiff was warned that his failure to comply would result in a recommendation of "dismissal of this action without further notice," *id*., no response was filed.

In his Report and Recommendation issued on December 10, 2018, Magistrate Judge Purcell found that Plaintiff has failed to "set forth factual allegations indicating Defendant Rios," who is the sole Defendant named in the Second Amended Complaint, "personally participated in the constitutional violations" about which Plaintiff has complained. R. & R. (Doc. No. 44) at 6. Because Plaintiff had not complied with the show cause order or submitted a third amended complaint, Magistrate Judge Purcell recommended that the Second Amended Complaint "be dismissed without prejudice based on failure to state a claim upon which relief can be granted." *Id*.

Plaintiff was advised of his right to object to the Report and Recommendation. *See id*. at 6-7. As stated, the matter now comes before the Court on Plaintiff's two Objections,

both filed on December 27, 2018. *See* Pl.'s Obj. to R. & R. (Doc. No. 45); Pl.'s Obj. to R. & R. (Doc. No. 46).

DISCUSSION

Plaintiff has asserted in his Objections that on October 8, 2018, he was assaulted by LCF officers after he presented papers he had received from Magistrate Judge Purcell, that he was written up for resisting restraints placed on him, and that he is in fear for his life at LCF. *See* Pl.'s Obj. to R. & R. (Doc. No. 46). Plaintiff has further advised that he did not respond to the Order to Show Cause because he has been in segregation since the assault on October 8, 2018, and that although he has "tried to get [the necessary] . . . legal information," *id*. at 3, his efforts to litigate this matter have been impeded. According to Plaintiff, he has received "some" "legal information" while segregated, but LCF employees have "neglected to bring [him] the legal information that [he] was . . . working on . . . before [he] was put back [in segregation] . . . ." *Id*. Plaintiff has further contended that during the assault his wrist was injured and he was "slammed to the ground," Pl.'s Obj. to R. & R. (Doc. 46) at 2, and as a result his ability to write as well as his ability to "move around with regularity" has been hindered. Pl.'s Obj. to R. & R. (Doc. 45) at 1.[3]

---

[3] Plaintiff's Objections to Report and Recommendation mirror in part a letter dated October 22, 2018, and addressed "to whom it may concern." Doc. No. 43. C*ompare* Pl.'s Obj. to R. & R. (Doc. 45) *and* Pl.'s Obj. to R. & R. (Doc. No. 46), *with* Doc. No. 43. Plaintiff reported the alleged October 8 assault in the October 22 letter. Doc. No. 43 at 1. He also wrote that he believed that LCF employees "do not want [him] to finish [his] paperwork," and that the LCF library staff "had . . . mishandled" this litigation and was "flat out lead[ing] [him] astray." *Id*. at 1, 2. Plaintiff reported that he was in segregation and was therefore being "denied access to the legal library." *Id*. at 2.

4

Plaintiff's § 1983 claims seek relief under the first, eighth, and fourteenth amendments to the United States Constitution for conduct that occurred in 2017. The allegations in the Second Amended Complaint relate to Plaintiff's receipt of "gang pay," certain allegedly false write-ups and improper security classifications, and alleged retaliation by LCF staff for prior litigation involving Plaintiff's complaints about the commissary and Plaintiff's religious beliefs. *See* Second Am. Compl. (Doc. No. 19).

Plaintiff's allegations against Defendant Rios are based on his supervisory status as LCF Warden. Although a supervisor may be held liable under § 1983, he may not be held liable under a theory of respondeat superior. *See Perry v. Durborow*, 892 F.3d 1116, 1121 (10th Cir. 2018); *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011). Rather, "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010) (quotations omitted). And, although "personal involvement" does not require a defendant either to "physically plac[e] hands on . . . [a plaintiff]," *id*. (quotations omitted), or "direct[ly] participat[e]," *id*., in the constitutional violation, it does require the defendant to have at least "caused the complained of constitutional harm," *id*. at 1199 (citation omitted) (footnote deleted). *See also id*. at 1200 (§ 1983 liability may "only be imposed upon those defendants whose own individual actions cause a constitutional deprivation because it requires plaintiffs prove each defendant took some act with the constitutionally applicable state of mind that caused the alleged constitutional violation").

Accordingly, Defendant Rios is subject to liability in this action only for his "own culpable involvement in the violation of [Plaintiff's] . . . constitutional rights." *Serna v.*

5

*Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). "'[I]t is not enough for . . . [P]laintiff merely to show . . . [D]efendant [Rios] was in charge of other state actors who actually committed the violation.'" *Id*. (quotation omitted).

In his Objections, Plaintiff has not challenged Magistrate Judge Purcell's finding that the Second Amended Complaint fails to plausibly suggest that Defendant Rios committed "a deliberate, intentional act . . . to violate [Plaintiff's] constitutional rights." *Serna*, 455 F.3d at 1151 (quotations omitted). Plaintiff has likewise not attempted to cure his defective pleading or sought additional time to do so.

Accordingly, taking all well-pleaded facts in the operative complaint as true and construing those facts not only in the light most favorable to Plaintiff, *see Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007), but also liberally, given Plaintiff's *pro se* status, *see id*. at 1218, the Court finds the Second Amended Complaint fails to "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because the Second Amended Complaint lacks "factual content that allows the [C]ourt to draw the reasonable inference that," *id*., Defendant Rios was "personally 'involved in the constitutional violation,'" *Serna*, 455 F.3d at 1151 (quotation omitted), or that "a 'sufficient causal connection' . . . exist[s] between [Defendant Rios] . . . and th[at] . . . violation," *id*. (quotation omitted), this matter should be dismissed.

The Court has considered Plaintiff's allegations of assault insofar as they might show that the alleged conduct by LCF employees hampered Plaintiff's ability to respond to Magistrate Judge Purcell's Order of September 24, 2018 (Doc. No. 41), and his Order

6

to Show Cause of November 29, 2018 (Doc. No. 42), or Plaintiff's ability to amend his pleadings. While Plaintiff has asserted he did not receive the October 29, 2018 Order, he has not denied receipt of either the September 24, 2018 Order or the December 10, 2018 R. & R. Plaintiff was therefore notified at least twice that the Second Amended Complaint was deficient and subject to dismissal. That Plaintiff was segregated on October 8, 2018, does not excuse his failure to plead facts sufficient to "adequately assert a constitutional claim," Order of Sept. 24, 2018 (Doc. No. 41) at 4, or his failure to seek an extension of time to act. Even without access to LCF's law library "to get . . . legal information," Pl.'s Obj. to R. & R. (Doc. No. 46) at 3, Plaintiff should have known and could have pleaded enough factual details to satisfy Rules 8(a) and 12(b)(6) about Defendant's involvement, if any, in the allegedly false write-ups and improper security classifications and about Defendant's alleged retaliatory conduct.

## CONCLUSION

Because the Court agrees with Magistrate Judge Purcell that the allegations in Plaintiff's Second Amended Complaint fall short of stating plausible § 1983 claims against Defendant under Rules 8(a) and 12(b), and because Plaintiff has had ample opportunity to amend those allegations to include any additional relevant facts, the Court

(1) ADOPTS the Report and Recommendation (Doc. No. 44) filed on December 10, 2018; and

(2) DISMISSES without prejudice the claims set forth in the Second Amended Complaint for failure to state a claim upon which relief may be granted.

7

IT IS SO ORDERED this 14th day of January, 2019.

*Charles B. Goodwin*
CHARLES B. GOODWIN
United States District Judge